IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH BROWN, )
)
        Plaintiff, )
)
v. ) Civil Action No. 09-962
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his applications for benefits on October 27, 2005, alleging a disability onset date of October 16, 2005, due to several physical ailments as well as borderline intellectual functioning. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on August 6, 2007, at which plaintiff, represented by counsel, and a vocational expert appeared and testified. On September 13, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On February 9, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 58 years old at the time of the ALJ's decision and is classified as a person of advanced age under the regulations. 20 C.F.R. §§404.1563(e) and 416.963(e). Plaintiff has a limited education. 20 C.F.R. §§404.1564(b)(3) and 416.963(b)(3). He has past relevant work experience as a high pressure cleaning operator and driver, but he has not engaged in any substantial gainful activity since his alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of hernia, borderline intellectual functioning, transient ischemic attack (TIA) and chronic obstructive pulmonary disease, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in medium work with certain restrictions recognizing the limiting effects of his impairments.[1] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including hand packer, assembler and sorter/grader. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

---

[1] In addition to a number of environmental restrictions, the ALJ also limited plaintiff to work that does not require the ability to read, write or perform more than the most rudimentary mathematical calculations such as simple addition and subtraction. The ALJ further found that plaintiff is limited to simple, routine, repetitive tasks. (R. 23).

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

- 4 -

Here, plaintiff raises only a single challenge to the ALJ's finding of not disabled. Specifically, plaintiff alleges that the Commissioner failed to meet his burden at step 5 to show that a significant number of other jobs exist in the national economy that plaintiff can perform in light of his age, education, work experience and residual functional capacity due to a purported conflict between the vocational expert's testimony and information contained in the Dictionary of Occupational Titles ("DOT") regarding the jobs identified by the vocational expert as ones that plaintiff retains the residual functional capacity to perform. Accordingly, plaintiff seeks a remand pursuant to SSR 00-4p based upon this alleged conflict. Upon review, the court is satisfied that the ALJ's step 5 finding is supported by substantial evidence.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ found that plaintiff retains the residual functional capacity to perform medium work with certain non-exertional limitations. (R. 23). In response to the ALJ's

hypothetical involving an individual of plaintiff's age, education, work experience and residual functional capacity for medium work with the enumerated non-exertional limitations, the vocational expert identified hand packer, assembler and sorter/grader as representative of the types of jobs that such an individual would be able to perform.[3] The ALJ relied on the vocational expert's testimony in finding at step 5 that jobs exist in significant numbers in the national economy that plaintiff can perform.

Plaintiff does not challenge the ALJ's finding that plaintiff retains the residual functional capacity for less than the full range of medium work. Rather, plaintiff's position is that it is unclear whether the jobs that the vocational expert identified are in fact medium jobs or instead are light jobs[4], necessitating a

---

[3] The ALJ found at step 4 that plaintiff cannot perform his past relevant work as a high pressure cleaning operator and driver, which the vocational expert described as medium-to-heavy, semiskilled work, because plaintiff cannot tolerate concentrated exposure to dust, fumes, odors, gases and hot and cold temperature extremes. (R. 26).

[4] The underlying basis for this argument is that if plaintiff can perform only jobs at the light exertional level, he would be disabled as a matter of law pursuant to the Medical-Vocational guidelines ("grids"). The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00. An individual of plaintiff's age, education, work experience and a residual functional capacity for light work with no transferable work skills would be disabled under grid rule 202.02.

remand to resolve this "conflict" under SSR 00-4p. Plaintiff's argument is unpersuasive.

SSR 00-4p requires an ALJ to identify, and obtain a reasonable explanation for, any conflict between occupational evidence provided by a vocational expert and information contained in the DOT and also to explain in his decision how any conflict that has been identified was resolved. In particular, the Third Circuit Court of Appeals has interpreted SSR 00-4p to require that "the ALJ ask the vocational expert whether any possible conflict exists between the vocational expert's testimony and the DOT," and, if the testimony does appear to conflict with the DOT, the ruling directs the ALJ "'to elicit a reasonable explanation for the conflict.'" Burns v. Barnhart, 312 F.3d 113, 127 (3d Cir. 2002). "The Ruling requires that the explanation be made on the record and that the ALJ explain in his decision how the conflict was resolved." Id.

Here, a review of the hearing transcript establishes that the ALJ specifically asked the vocational expert if his testimony as to the jobs that he had identified that plaintiff could perform was consistent with their descriptions in the DOT, to which the vocational expert responded in the affirmative. (R. 237). The ALJ then found in his decision that "the vocational expert's testimony is consistent with the information contained in the [DOT]." (R. 27). Thus, it is clear from the record that the ALJ fully complied with SSR 04-p.

Plaintiff, however, argues there is a conflict in that two of the three categories of jobs that the ALJ found that plaintiff can perform, hand packer and grader/sorter, were identified by the ALJ in his decision as light jobs, and that only one category, assembler, was identified as medium. Since there are over 180 "assembler" jobs listed in the DOT, only some of which are classified as medium with others classified as light, plaintiff argues that there is no way to evaluate whether the "assembler" jobs to which the vocational expert referred fall within the ALJ's residual functional capacity finding, therefore necessitating a remand to resolve the "conflict."

However, the conflict that plaintiff is alleging really is no conflict at all. A review of the record and the DOT demonstrates that while the ALJ mistakenly referred to the hand packer job as "light" in his decision, (R. 27), both the DOT and the vocational expert classify those positions as "medium." At the hearing, the vocational expert explicitly testified that the hand packer job is medium, (R. 237), and the "hand packager" job listed in the DOT likewise is classified as medium. See DOT 920.587-018 (hand packager, any industry, medium). Accordingly, it is clear that the ALJ's statement in his decision that the hand packer job is light is nothing but an immaterial clerical error and that there is no conflict in this case.

The vocational expert testified that plaintiff is capable of performing the medium level job of hand packer and that there are 58,000 of those jobs nationally. (R. 237). This testimony in and

of itself constitutes substantial evidence supporting the ALJ's step 5 finding that there are a significant number of jobs in the national economy that plaintiff can perform. See 20 C.F.R. §§404.1566(a) and 416.966(a); Plummer, 186 F.3d at 431.

Moreover, the fact that the vocational expert also identified the generic job of assembler, some of which are classified in the DOT as medium and some as light, does not necessitate a remand for resolution of a conflict. The vocational expert was aware of the ALJ's residual functional capacity finding that plaintiff could perform medium work with restrictions when he suggested assembler as a type of job that plaintiff could perform, and he explicitly testified that he was referring to that job as a medium-level job, and even a cursory review of the DOT indicates that a large number of the 180 assembler positions are classified as medium. See, e.g., DOT 762.684-010 (assembler - wood.container); 754.684.010 (assembler - plastic prod.); 869-684-010 (assembler - mfd. building; vehicles, nec). The ALJ therefore would not have erred in assuming that the vocational expert was referring to the medium-level assembler positions in the DOT or in relying on that testimony to find a significant number of medium-level assembler positions exist in the national economy which plaintiff could perform.[5]

---

[5] Plaintiff's argument that the vocational expert was required to provide the DOT identification number of the specific assembler jobs to which he was referring is baseless. SSR 00-4p does not require that level of specificity, nor has plaintiff cited any other ruling, regulation or any case law from any jurisdiction requiring a specific DOT identification number.

In addition, even if the vocational expert's testimony as to the assembler job were to be construed to encompass both medium and light assembler jobs, no remand would be necessary for such a minor inconsistency where the ALJ identified other jobs, such as hand packer, which indisputably are medium level jobs existing in significant numbers in the national economy that plaintiff can perform. See, e.g., Jones v. Barnhart, 364 F.3d 501, 506 (3d. Cir. 2004) (substantial evidence supported step 5 determination despite inconsistencies between vocational expert testimony and DOT where inconsistencies did not exist as to all of the jobs identified by the vocational expert and the vocational expert testified that listed jobs were just examples, not an exhaustive list); Rutherford v. Barnhart, 399 F.3d 546, 558 (3d. Cir. 2005) (vocational testimony provided substantial evidence for ALJ's step 5 finding despite minor inconsistencies between that testimony and DOT).[6]

The court is satisfied in this case that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's step 5 finding that jobs exist in significant numbers in the

---

[6] Plaintiff's reliance on this court's decision in Monstrola v. Astrue, CA 07-1220 (March 9, 2009), is misplaced. The Monstrola case was remanded because *nearly every* job cited by the vocational expert was beyond the capacity of an individual with the plaintiff's residual functional capacity as those jobs were defined in the DOT, and the ALJ failed to even ask the vocational expert about the conflict or to elicit a reasonable explanation for it as required by SSR 00-4p. In the case at bar, however, the ALJ complied fully with SSR 00-4p and any inconsistencies between the vocational expert's testimony and the vocational expert are minor.

national economy that plaintiff can perform. The ALJ met his obligations under SSR 00-4p by expressly inquiring as to whether the vocational expert's testimony was consistent with the DOT, and there in fact is no significant conflict, and any inconsistencies between the vocational expert's testimony and the DOT are no more than minor and have no impact on the ALJ's ultimate finding of not disabled. The vocational expert was able to identify medium jobs existing in significant numbers in the national economy that plaintiff can perform, and therefore the ALJ did not err in relying on the vocational expert's testimony to find that plaintiff is not disabled at step 5.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 S. Braddock Ave., Suite 570
Pittsburgh, PA 15218

Paul Kovac
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219